After the hearing, Chancellor Rutledge delivered the decree of the court. -
This is a case of the first impression, and of considerable magnitude, as it relates to the monied interest of this country. It has never before been fully discussed, therefore the court took time to deliberate on it. It. has been heretofore a generally received opinion, that the principal and security in a bond, were at all times equally liable for the payment of the debt, as long as the bond existed; and under that impression, payment has never till lately been resisted by the security, when called upon. Some modem adjudications in the Court of Chancery in England, have however shaken former opinions: and it is now set- *230 tied, that the secui'ity is not liable to the extent it was be* lieved ; and that a Court of Equity under peculiar circumstances would give relief, and has actually given it in se-vNral cases. It was never doubted, that a security had a right to call upon the obligee to sue the principal and obtain payment of the debt from him, and if he refused to do so, by an application to this court, the obligee would be compelled to bring suit for that purpose. The grounds for relief in equity, in the case of sureties, are various. That the obligee has not used due diligence to recover his debt from the principal in the first instance, and has refused or neglected to comply with the sureties request, to use that diligence : Also, that the creditor has extended the Credit linger than the parties contracted for, against the sureties consent. The second ground is the strongest; it is on that, and that only, that the court has uniformly determined in favor of the surety. All the cases are bottomed cn that principle, that the surety is only responsible for a limited time ; and if the obligee will extend the credit to a longer period, against the will of the surety, he shall be discharged ; for it is both unreasonable and inequitable, that a man should always have such a cloud hanging ever him. Mo one could say what estate he had " left 1’oMiis family, if he was to be liable beyond the time he contracted for. His estate might continue to be so, in the" hands of his heirs or legatees to the most distant period. The plain simple question then is, whether the complainant, from the peculiar circumstances of this case, is entitled to relief, on the principles of the adjudged cases ? With respect to the first bond, there is not the smallest ground whatever for relief; because it was put in suit, and judgment and execution obtained against him, and Bordeaux, the principal, as soon as it could possibly be done. What availed the due diligence ? Was any part of the debt received in consequence of it, from Bordeaux ? Not a penny. Was h ‘m a situation to pay ? We presume be was not. For what purpose then sue the other bonds i Bid the complainant ever apply to the treasurers *231 to do it ? It does not appear that be ever did ; and for tbe best of reasons, because it would net have advanced his interest, and would have been attended -with additional expence. When he made tbe application to the ti easur-ers, to know if the bonds were taken up, is not stated, nor is it a material circumstance, because he could . have got the information from Bordeaux himself; ar.d hem the complainants own confession, as stated in his bill, he had ample means in his own possession, to secure himself completely. He knew judgment had been obtained against him on one bond. It was therefore his interest to see that that was satisfied in the first instance; and also the other bonds afterwards, and before he parted v, itb. the funds he .was possessed of. If he gave up some of them to Bordeaux without being ascertain- d whether the bonds in question were or were not taken up, and has made a bad bargain in the disposition of the rest, be has only himself to blame. The neglige nee of the public officers ought not to be used as a shield, to protect him against his own supineness. Upon the whole, the court are unanimously of opinion, that the complainant is not entitled to relief on the ground of negligence, with gard to the first bond, because due but unavailingjdiSé iwe^ was used to recover the money on.that. Nor . tied to relief on the other bonds, upon the gr! tending the credit beyond the time contracted fi he has not made it appear that such credit either expressly or impliedly against his consent\>r" nation. This case therefore is not similarly c stanced, nor does it come within the reason or equity of the lately adjudged cases. And lastly, because fr< m complainants own confession, it appears he was fully indemnified for his suretiship by the funds deposite- d with him, for that purpose, if he had made due and proper application of them.
Bill must be dismissed with costs.